IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RAMON HOSEA MCGRAW
ADC #142102                                                                                          PETITIONER

v.                                      5:10-cv-00018-JMM-JJV

ARKANSAS DEPARTMENT OF CORRECTION                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

The Court has received a Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. §2254 from Ramon Hosea McGraw, an inmate in the custody of the Maximum Security Unit of the Arkansas Department of Correction (ADC).

Given the limited history provided by Petitioner concerning his prior convictions, the Court has gleaned the following background information from Pulaski County and Saline County docket sheets found online. Mr. McGraw was charged in Pulaski County Circuit Court, case no. 2007-cr-001088, for burglary (residential), theft by receiving, and theft of property.[1] On June 2, 2008, he entered a plea of guilty and was sentenced to five years in the ADC with 175 days of jail credit.[2] His Judgment and Commitment was entered on June 9, 2008. (*Id.*). An amended Judgment and Conviction was entered on June 23, 2008. (*Id.*). Petitioner also was charged in Pulaski County

---

[1] See http://www.pulaskiclerk.com/tblCharge_Detail.asp?PartyName=MCGRAW%2 CRAMON+H&CaseNumber =CR2007001088&PTYNUM=0001

[2] See http://www.pulaskiclerk.com/tblDocket_Detail.asp?CaseNumber=CR208000199 &PTYNUM=0001&offset=9

Circuit Court, case no. 2008-cr-000199 for burglary (residential) and theft of property.[3] On June 2, 2008, Petitioner entered a plea of guilty and was sentenced to five years in the ADC with 175 days of jail credit.[4] His Judgment and Commitment was entered on June 9, 2008. (*Id.*). Lastly, it appears Petitioner was charged on February 2, 2008 with theft by receiving in Saline County, case no. 2008-cr-92B-2.[5] He entered a guilty plea on July 15, 2008.[6] A subsequent judgment was entered on July 22, 2008. (*Id.*). According to Mr. McGraw, his ultimate sentence for all three cases was five years, with all the imposed sentences to run concurrently. Petitioner admittedly did not file any direct appeals or motions for post-conviction relief. (Doc. No. 2).

Petitioner filed his current federal habeas petition on January 22, 2010. (Doc. No. 2). The Court has carefully reviewed Mr. McGraw's petition and has found it difficult to ascertain any factual allegations that assert meritorious claims. Under Rule 2(c) of the Rules Governing Section 2254 cases, the petition must: "(1)specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and be signed under penalty of perjury..." Petitioner has failed to meet these formalities because he has not provided any factual support that would entitle him to habeas relief and his petition is nearly incoherent.

Furthermore, Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129

---

[3] See http://www.pulaskiclerk.com/tblCharge_Detail.asp?CaseNumber =CR2008000199 &PTYNUM=0001

[4] See http://www.pulaskiclerk.com/tblDocket_Detail.asp?CaseNumber=CR208000199 &PTYNUM=0001&offset=9

[5] See https://www.ark.org/grs/app/saline?page=results&results.fpnlPage=1&position=2

[6] See https://www.ark.org/grs/app/saline?page=results&results.fpnlPage=1&position=3

S.Ct. 1937, 1949 (2009).[7] Rule 8 does not mandate "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that merely offers "labels and conclusions" or "naked assertions devoid of further factual enhancement[s]" does not suffice. *Id.* (citations omitted).

Petitioner has failed in his instant petition to set forth any more than mere conclusory allegations that he is entitled to habeas relief. Even when reading Petitioner's claims liberally and filling in the blanks, Petitioner's claims do not meet the threshold of establishing habeas relief.

Moreover, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases. The Court finds that Petitioner has failed to file his instant habeas petition within the statute of limitations provided in 28 U.S.C. § 2244(d)(1) and therefore he is not entitled to habeas relief. Title 28 U.S.C. § 2244(d)(1)(a) imposes a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Mr. McGraw's petition is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A). Under Arkansas law, from the date the final judgment was entered by the Saline

---

[7]Under Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

County Circuit Court on July 22, 2008, Petitioner had 90 days, or until October 21, 2008, to file a proper motion for post-conviction relief, which he did not.[8]  The one-year clock to file his habeas petition began running on October 21, 2008; therefore, Petitioner had until October 21, 2009.  He failed to meet this deadline.

As a result of the foregoing, this Court finds the petition was untimely filed after the applicable limitations period.  Therefore, it is recommended that Mr. McGraw's § 2254 petition (Doc. No. 2) should be DISMISSED with prejudice, and the requested relief be DENIED.

IT IS SO ORDERED this 27th day of January, 2010.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[8]See Arkansas Rules of Criminal Procedure, Rule 37.2 (c): [I]f a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment. If the judgment was not entered of record within ten (10) days of the date sentence was pronounced, a petition under this rule must be filed within ninety (90) days of the date sentence was pronounced.